

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

April 7, 2026

**By CM/ECF**

Susan E. Bindler, Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

**Re:** *Novartis Pharmaceuticals Corp. v. Hanaway*, No. 25-1619;
Rule 28(j) Notice of Supplemental Authority Regarding *Pharmaceutical Research & Manufacturers of America v. McCuskey,* No. 25-1054 (4th Cir. Mar. 31, 2026)

Dear Ms. Bindler:

We write to provide as supplemental authority the Fourth Circuit's recent decision in three consolidated cases, *Pharmaceutical Research & Manufacturers of America (PhRMA) v. McCuskey,* No. 25-1054, *AbbVie, Inc. v. McCuskey*, No. 25-1055, and *Novartis Pharmaceuticals Corp. v. McCuskey*, No. 25-1056 (4th Cir. Mar. 31, 2026). The Fourth Circuit upheld a district court's preliminary injunction of a state 340B law materially identical to Missouri's S.B. 751. The Fourth Circuit held the state law was likely preempted and rejected arguments similar to those offered by Missouri here. *See* Missouri Br. 61-67.

The court's reasoning supports Novartis in multiple ways. *See* Opening Br. 48-55; Reply Br. 24-28.

First, the Fourth Circuit explained that the presumption against preemption was inapplicable. A state law is "anything but a traditional health-and-safety regulation" when it just imposes additional requirements on manufacturers that have chosen to participate in the federal 340B Program. Slip Op. 19. West Virginia's law, like Missouri's, "springs obligations on manufacturers specifically by virtue of their participation in a federal program" and "does not apply equally to all manufacturers that sell drugs to healthcare providers in West Virginia." *Id.*

Second, the Fourth Circuit held that conflict preemption applied. The state law interfered "operationally with multiple aspects of the 340B program." *Id.* at 28. Because "Congress made HHS the 340B program's sole enforcer," "States have no room to create new enforcement schemes in the same arena." *Id.* at 28-29.

Third, the Fourth Circuit disagreed (at 31 n.12) with this Court's field-preemption analysis in *PhRMA v. McClain*, 95 F.4th 1136 (8th Cir. 2024). It held that the properly defined "field" is the federal field of "340B program requirements." Slip Op. 24. This Spending Clause program

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

reflects Congress's "careful bargain" with drug manufacturers—and in "the spending-power context, the type of bargain struck by Congress matters." *Id.* at 17, 25.  By setting the terms of that bargain, Congress "ousted States from this field," thereby precluding Missouri, like West Virginia, from "chang[ing] the terms." *Id.* at 25.  In the event Novartis does not prevail on other grounds, en banc review of this issue is warranted.  Opening Br. 52-55.

Respectfully submitted,

/s/ Jessica Ellsworth
Jessica Ellsworth
Counsel for Plaintiff–Appellant
Novartis Pharmaceuticals
Corporation

cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

/s/ Jessica Ellsworth
Jessica Ellsworth