

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

April 29, 2026

**By CM/ECF**

Susan E. Bindler, Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

**Re:  *Novartis Pharmaceuticals Corp. v. Hanaway*, No. 25-1619;**
   **Rule 28(j) Notice of Supplemental Authority: *AbbVie Inc. v. Wrigley*, Nos. 1:25-CV-81,**
   **1:25-CV-182, 1:25-CV-204 (D.N.D. Apr. 27, 2026)**

Dear Ms. Bindler:

We write to provide the court's ruling in three challenges to a North Dakota statute similar to S.B. 751.  *See AbbVie Inc. v. Wrigley*, 1:25-CV-81 (D.N.D. Apr. 27, 2026), ECF 83 (attached hereto).  The court held North Dakota's statute violated the Dormant Commerce and Supremacy Clauses and permanently enjoined it.  Op. ¶¶ 51-53, 59-60, 89.

The court's reasoning maps onto Novartis's arguments here in several ways.

*First*, applying this Court's decision in *Association for Accessible Medicines v. Ellison,* 140 F.4th 957 (8th Cir. 2025), the court held that North Dakota's law violates the Dormant Commerce Clause.  Op. ¶¶ 61-66.  Like Missouri's law, North Dakota's law prohibits manufacturer policies that limit covered entities' use of contract pharmacies and thus "in reality regulates the transactions between the manufacturers and out-of-state wholesalers."  *Id.* ¶ 64.  The law's extraterritorial reach is not mere "ripple effects," but rather, "[b]y prohibiting these manufacturer policies, the law directly regulates the amount and price of sales between out-of-state manufacturers and out-of-state wholesalers."  *Id.* ¶ 65; *accord* Opening Br. 28-40; Reply Br. 11-16.

*Second*, the court held North Dakota's law is preempted.  The court explained that *Pharmaceutical Research & Manufacturers of America v. McClain*, 95 F.4th 1136 (8th Cir. 2024), was "distinguishable" and in any event "did not address field preemption regarding Congress's spending power."  Op. ¶ 48.  Novartis similarly distinguished *McClain* and explained that it does not address several of Novartis's arguments.  Opening Br. 48-52; Reply Br. 8-10, 24-28.  Like North Dakota's law, Missouri's law mandates that manufacturers participating in the federal 340B Program charge "reduced prices" in transactions beyond those covered by federal law.  Mo. Rev. Stat. § 376.414(1)(b); *see* Reply Br. 9-10.  And like North Dakota's law, Missouri's law changes the conditions of participating in a federal spending-power program—"an impermissible

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

insertion … that Congress did not invite."  Op. ¶¶ 49-59; *accord* Opening Br. 49-51; Reply Br. 25-28.

*Finally*, the court recognized that an injunction served the public interest because the state law had "no effect on the price patients pay" for drugs.  Op. ¶ 73.  The same is true of S.B. 751.  Opening Br. 59.

Respectfully submitted,

/s/ Jessica L. Ellsworth
Jessica L. Ellsworth
Counsel for Plaintiff–Appellant
Novartis Pharmaceuticals
Corporation

cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

/s/ Jessica L. Ellsworth
Jessica L. Ellsworth