

# ATTORNEY GENERAL OF MISSOURI
CATHERINE L. HANAWAY

May 6, 2026

**<u>VIA CM/ECF</u>**

Ms. Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Federal Courthouse
111 South 10th Street
St. Louis, MO 63102

RE:   *Novartis Pharmaceuticals Corp. v. Hanaway*, No. 25-1619
      Response to Appellant's Rule 28(j) Notice Regarding *AbbVie Inc. v. Wrigley*, 1:25-CV-81 (D.N.D. Apr. 27, 2026), ECF 83

Dear Ms. Bindler:

Last week, Novartis filed another 28(j) Notice.  This time, it highlights the District of North Dakota's summary-judgment order in *AbbVie Inc. v. Wrigley*, 1:25-CV-81 (D.N.D. Apr. 27, 2026).  But *AbbVie* addressed a North Dakota statute that is different than SB751.  SB751 regulates delivery, not price—just like the Arkansas law upheld in *PhRMA v. McClain*, 95 F.4th 1136 (8th Cir. 2024).  Comparatively, as the *AbbVie* court emphasized *six* times, "North Dakota did not define its law as a delivery law," and "North Dakota does not argue it only pertains to delivery, instead arguing it directly alters manufacturer conditions."  Order ¶¶ 4–5, 8, 43–47, 59.

Contrary to Novartis's claim, the *AbbVie* court did not "[f]irst" address the dormant Commerce Clause.  Rather, its decision rests primarily on preemption.  Order ¶¶ 3–8, 40–60.  *AbbVie*'s preemption ruling is easily distinguishable because it depends on the fact that North Dakota's law "is not a delivery statute; it regulates manufacturers, not pharmacies."  Order ¶¶ 4–

1

5, 8, 43–47, 59.  That is not true of SB751 and the statute that this Court upheld in *McClain*.

Differences aside, *AbbVie* is questionable on its own terms.  The district court read *McClain* narrowly, and it found "persuasive the reasoning in *PhRMA v. McCuskey* from the Fourth Circuit."  *Id.* ¶ 55 (citing 171 F.4th 675, 688 (4th Cir. 2026)).  But the Fourth Circuit itself noted that its decision splits with *McClain*.  *See McCuskey*, 171 F.4th at 695 n.12.  And even Novartis previously admitted that rehearing en banc is necessary before adopting the Fourth Circuit's position.  *See* Novartis 28(j) (filed Apr. 7, 2026).

Next, as an alternative holding, *AbbVie* offered two pages of analysis under the dormant Commerce Clause.  Order ¶¶ 60–66.  The court relied almost entirely on *Association for Accessible Medicines v. Ellison*, 140 F.4th 957 (8th Cir. 2025).  Yet as the State emphasized at oral argument, *Ellison* concerned a Minnesota statute that set prices for out-of-state transactions.  *Id.* at 961.  Not so for SB751.  Like the Arkansas statute in *McClain*, SB751 simply regulates delivery.

This Court should affirm.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Louis J. Capozzi, III*
Louis J. Capozzi III, #77756MO
 *Solicitor General*
815 Olive Street, Ste. #200
St. Louis, Missouri 63101
(573) 821-0378
Louis.Capozzi@ago.mo.gov

*Counsel for Appellee*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2026, the above was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which serve all counsel of record.

/s/ *Louis J. Capozzi*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the body of this letter contains fewer than 350 words as determined by the word-count feature of Microsoft Word.

/s/ *Louis J. Capozzi*