

**POWERS PYLES SUTTER & VERVILLE PC**

**Ronald S. Connelly, Principal**
1250 Connecticut Ave NW, Eighth Floor
Washington D.C., 20036
(202) 466-6550

May 6, 2026

Ms. Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO, 63102

Re: *Novartis Pharms. Corp. v. Hanaway*, No. 25-1619, Response to Plaintiff's
Rule 28(j) Notice of Supplemental Authority, Dkt ID. 5634316.

Dear Ms. Bindler:

   *AbbVie Inc. v. Wrigley* does not support Novartis's case against Missouri
S.B. 751.  *AbbVie Inc. v. Wrigley*, 1:25-cv-81 (D.N.D. Apr. 27, 2026), ECF No. 83.

   **First,** *Wrigley* is contrary to this Court's decision in *PhRMA v. McClain*, 95
F.4th 1136 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 768 (2024).  State laws like
S.B. 751 are not preempted.

   **Second,** *Wrigley* hinged on the finding that H.B. 1473 regulates pricing
because "North Dakota did not define its law as a delivery law." Op. 4.  In
considering *McClain*, *Wrigley* observed that Act 1103 regulates delivery because
"Arkansas defined its law as only concerning delivery" and the "state argued the
law would only be enforced as to delivery."  Op. 4.  In contrast, North Dakota
argued that the law "applies to offers" and not only post-sale delivery terms.  Op.
22.  Here, Missouri has consistently argued that S.B. 751 regulates only delivery

and distribution.  Br. Defs.' Appellees at 27-34, 34.  Therefore, *Wrigley* is inapplicable.

**Third,** *Association for Accessible Medicines v. Ellison* does not support the argument that S.B. 751 violates the dormant Commerce Clause.  140 F.4th 957 (8th Cir. 2025).  *Wrigley* cited that case for the "classic observation" that states do not have the power to project legislation into other states by regulating "the *price* to be paid in that state for drugs."  Op. 23 (emphasis added).  Missouri has defined S.B. 751 as regulating delivery of drugs and not their pricing.

**Fourth,** *PhRMA v. McClain* is not distinguishable.  That *McClain* did not address Congress's spending power is immaterial, and *Wrigley*'s novel preemption analysis should be rejected.  *See PhRMA v. McCuskey*, 171 F.4th 675, 697 (4th Cir. 2026) (Benjamin, J., dissenting) ("[T]here is no binding or persuasive authority requiring a different preemption analysis for laws passed under the Spending Clause.").

**Fifth,** that the statute may not affect the "price patients pay" does not mean the public interest will not be affected.  Op. 26.  S.B. 751 ensures that drugs will be shipped to locations where patient can receive them, which is an important public interest.

Respectfully submitted,

*/s/ Ronald S. Connelly*
Ronald S. Connelly
*Counsel for Intervenors-Appellees*
*Missouri Hospital Association and*
*Missouri Primary Care Association*

cc: All counsel of record (via CM/ECF)

1250 CONNECTICUT AVE NW ■ EIGHTH FLOOR ■ WASHINGTON DC  20036 ■ PH 202.466.6550 ■ www.PowersLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Intervenors-Appellees' Notice of Supplemental Authority was electronically filed with the Clerk of Court via the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.


Dated: May 6, 2026                  Respectfully submitted,


                                 */s/Ronald S. Connelly*
                                 Ronald S. Connelly

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing complies with the requirements of Fed. R. App. P. 28(j) because the body of the letter contains 338 words.

Dated: May 6, 2026                    Respectfully submitted,

                    */s/Ronald S. Connelly*
                    Ronald S. Connelly