**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

No. 25-1619

Novartis Pharmaceuticals Corporation

Appellant

v.

Catherine L. Hanaway, in her official capacity as Attorney General of the State of Missouri, et al.

Appellees

------------------------------

United States of America

Amicus on Behalf of Appellant(s)

American Hospital Association, et al.

Amici on Behalf of Appellee(s)

---

Appeal from U.S. District Court for the Western District of Missouri - Jefferson City
(2:24-cv-04131-MDH)

---

**ORDER**

The petition for rehearing en banc is denied. The petition for panel rehearing is also denied.

Judge Kobes, Judge Justin D. Smith, and Judge Traynor would grant the petition for rehearing en banc.

Judge Gruender, Judge Kelly, and Judge Grasz did not participate in the consideration or decision of this matter.

TRAYNOR, Circuit Judge, with whom JUSTIN D. SMITH, Circuit Judge, joins, dissenting from denial of rehearing en banc.

I respectfully dissent from the court's decision to deny the petition for rehearing en banc. While this court addressed similar preemption arguments in *Pharmaceutical Research and Manufacturers of America v. McClain*, 95 F.4th 1136 (8th Cir.), *cert. denied*, 145 S. Ct. 768 (2024), the United States filed additional briefing in this case that warrants reconsidering the precedential value of the court's decision in *McClain*. Brief for United States as Amicus Curiae, *Novartis Pharmaceuticals Corp. v. Catherine Hanaway, et al.*, 180 F.4th 1097 (8th Cir. 2026) (No. 25-1619). Most importantly, the United States notes these state contract pharmacy laws, like S.B. 751, force manufacturers to distribute 340B drugs at lower prices to additional providers. *Id.* at 12. This directly undermines one of the most important conditions of the bargain the federal government struck with manufacturers to incentivize them to participate in the 340B program: that manufacturers would not be forced to distribute drugs to an unlimited number of contract pharmacies for lower prices. *Id.*; *PhRMA v. McCuskey*, 171 F.4th 675, 692 (4th Cir. 2026). By forcing manufacturers to make these additional distributions, these state laws risk disincentivizing participation in and ultimately uprooting the federal 340B program. *McCuskey*, 171 F.4th at 695 (citation omitted). This ongoing sabotage of a federal program by states is "'exceptionally importan[t]' to fix." *United States v. Jackson*, 85 F.4th 468, 470 (8th Cir. 2024) (Stras, J., dissenting from denial of reh'g en banc) (citing Fed. R. App. P. 35(a)(2), now Fed. R. App. P. 40(a)(2)(D)).

Additionally, the panel's decision in this case seemingly conflicts with existing circuit precedent. *See Williams v. National Football League*, 598 F.3d 932, 935 (8th Cir. 2009) (Colloton, J., dissenting from denial of reh'g en banc) ("A principal purpose of en banc review is 'to secure and maintain uniformity of the court's decisions.'") (citing Fed. R. App. P. 35(b)(1)(A), now Fed. R. App. P.

40(b)(2)(A)). In *Ass'n for Accessible Meds. v. Ellison*, 140 F.4th 957, 960 (8th Cir. 2025), this court held a Minnesota law invalid where it prohibited manufacturers from "imposing, or causing to be imposed, an excessive price increase . . . on the sale of any generic or off-patent drug sold, dispensed, or delivered to any consumer in the state." *Id.* at 959 (quoting Minn. Stat. § 62J.842 subd. 1) (citation modified). In that case, "a Colorado manufacturer would be penalized if it sold drugs to a New Jersey distributor at prices above those proscribed by the Act and those drugs ended up in Minnesota." *Id.* at 960. In this case, while S.B. 751 and similar contract pharmacy laws claim to govern the contract between the covered entity and contract pharmacy, these laws "in reality regulate[] the transactions between the manufacturers and out-of-state wholesalers." *See AbbVie, Inc. v. Wrigley*, 832 F. Supp.3d 920, ¶ 64 (D.N.D. 2026) (noting that "[m]anufacturers sell medications to wholesalers at full price, then covered entities buy those medications, also at full price. After 340B-eligible transactions are identified after the fact, the covered entity buys more medication at the lower price. Then the wholesalers ask for a refund or 'chargeback' from the manufacturers for the difference. But for [the contract pharmacy law], this chargeback would not occur due to offer conditions that manufacturers are allowed by federal law to implement."). Contrary to the panel's conclusion, in forcing manufacturers to make additional distributions they would otherwise not be obligated to make, S.B. 751 "directly regulates the amount and price of sales between out-of-state manufacturers and out-of-state wholesalers" in violation of the dormant commerce clause. *Id.* at 940.

Ultimately, if we fail to address these insidious contract pharmacy laws with the full court and instead rely on conflicting circuit precedent based on an incomplete judicial record to guide the circuit and district courts, further confusion and litigation is inevitable. *See Williams*, 598 F.3d at 936 ("These inconsistent precedents . . . leave the law of the circuit confused and uncertain on a significant issue of federal law.") (Colloton, J., dissenting from denial of reh'g en banc). Legal error calls for correction, not compounding. Intermediate courts should trim their sails; they need not wait for the Supreme Court to steady the ship.

Accordingly, I would have granted the petition for rehearing en banc.

______________________________

September 16, 2026

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

/s/ Susan E. Bindler